## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JESSE H. AULD**                                                                 **PLAINTIFF**

**V.**                          **NO. 4:16-CV-00335 JM/JTR**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner,**
**Social Security Administration**                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr.  You may file written objections

to all or part of this Recommendation.  If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of this Recommendation.

By not objecting, you may waive the right to appeal questions of fact.

## I.  <u>Introduction</u>:

Plaintiff, Jesse H. Auld, applied for supplemental security income benefits on

May 8, 2013, alleging a disability onset date of August 15, 2011.  (Tr. at 71).  After

conducting a hearing, the Administrative Law Judge ("ALJ") denied his application.

(Tr. at 83).  The Appeals Council denied his request for review.  (Tr. at 1).  The ALJ's

---

[1]Berryhill is now the Acting Commissioner of Social Security and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

decision now stands as the final decision of the Commissioner.  Auld has requested judicial review.

For the reasons stated below, the Commissioner's decision should be reversed and remanded for further review.

## II.  The Commissioner's Decision:

The ALJ found that Auld had not engaged in substantial gainful activity since the application date of May 8, 2013.  (Tr. at 73).   At Step Two, the ALJ found that Auld had the following severe impairments:  obesity, generalized arthralgia, attention deficit hyperactivity disorder (ADHD), bipolar disorder, depressive disorder, not otherwise specified (NOS), panic attacks, social anxiety syndrome, avoidant personality disorder/personality disorder, NOS, and intermittent explosive disorder. *Id*.

After finding that Auld's impairments did not meet or equal a listed impairment (Tr. at 74), the ALJ determined that Auld had the residual functional capacity ("RFC") to perform light work except he can only occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, and he can only occasionally balance, stoop, kneel, crouch, and crawl. (Tr. at 76). In addition, he must avoid concentrated exposure to hazards, including no driving as part of work. *Id*.   Further, he is limited to jobs with simple, routine, and repetitive tasks with only incidental interpersonal contact

with coworkers and supervisors, no contact with the general public, and simple, direct, and concrete supervision. (Tr. at 76, 77).

The ALJ found that Auld had no past relevant work. (Tr. at 81).  At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Auld's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform at the light level, specifically, housekeeper/cleaner, linen supply load builder, and inspector/checker.   (Tr. at 82). The VE also testified that Auld could perform the jobs of inspector/checker/weigher, lampshade assembler, and addressing clerk at the sedentary level. *Id.*  Consequently, the ALJ found that Auld was not disabled. (Tr. at 83).

## III.   <u>Discussion</u>:

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's

decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Auld's Arguments on Appeal

Auld argues that the decision of the ALJ is not supported by substantial evidence.   He submits that: (1) the ALJ failed to fully and fairly develop the record; (2) the ALJ failed to conduct a proper credibility analysis; and 3) the ALJ erred in his RFC determination. Because the ALJ's credibility determination was legally insufficient, the Court need not reach Auld's other contentions.

An ALJ may not reject subjective complaints of pain and limitations solely because they lack support in the medical record. *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).  In addition to the objective medical evidence, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity and frequency of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness and

4

side effects of medication; (5) any functional restrictions; and (6) the claimant's work history.  *Id*. at 1065-66 (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors.  *Id.* at 1066. Although the ALJ is not required to cite *Polaski* or expressly discuss each factor, his decision must show that he conducted a proper analysis. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

Here, the ALJ did not mention the *Polaski* factors or 20 C.F.R. § 404.1529, the Social Security Regulation requiring a *Polaski* analysis.  He stated that "the factor of subjective pain and discomfort ... has been duly recognized and considered," but he did not explain such consideration.  (Tr. at 80).  The ALJ stated that he "considered all pertinent evidence in the record as a whole, [including] careful consideration of the claimant's testimony at the hearing." (Tr. at 81).  However, there is no discussion of the hearing testimony with respect to credibility.  *See Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003)("If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination").  The ALJ did not give reasons for discrediting Auld's  testimony.

The Commissioner argues that because the ALJ briefly cited to daily activities and lack of treatment, the credibility analysis was complete*. Doc. 11*; (Tr. at 80, 81).

5

No other *Polaski* factors were discussed, however.  Mentions of Auld's credibility were sporadic and the ALJ's statements that he had properly discharged his duty were conclusory.  Without a *Polaski* discussion, the Court cannot discern the ALJ's reasons for discounting Auld's subjective complaints, and accordingly, the ALJ's decision should be reversed and remanded for a proper credibility analysis.

## IV.  <u>Conclusion</u>:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.  The ALJ failed to conduct a proper credibility analysis.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED, with instructions to conduct a proper credibility analysis and re-evaluate Auld's claim as necessary.

DATED this 27th day of February, 2017.

_____

UNITED STATES MAGISTRATE JUDGE